UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-CV-00166-R

BILLY BURKEEN
V.
HICKMAN-FULTON COUNTY RIVERPORT AUTHORITY

# JURY INSTRUCTIONS

INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven his case against the Defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making

1

these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

The Rules of Evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses, who, by education and experience, have become experts in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be an expert, and may also state their reasons for the opinion. You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.

Some of you may have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else

except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## INSTRUCTION NO. 1

"Ordinary Care" means such care as the jury would expect an ordinarily prudent person or business to exercise under the same or similar circumstances.

"Fault" A person is at "fault" when he or she fails to exercise ordinary care and such failure is a substantial factor in causing or contributing to the cause of the accident and the injuries or damages for which claims are made.

In determining the percentages of "fault" you should consider both the nature of the conduct of any person at "fault" and the extent of the causal relation between the conduct and the damages claimed.

INSTRUCTION NO. 2

It was the duty of the Hickman-Fulton County Riverport Authority through its employees to exercise ordinary care in loading the truck at the time of the occurrence described in the evidence. If you believe that the Hickman-Fulton County Riverport Authority failed to comply with such duty and such failure was a substantial factor in causing the accident you shall find the Hickman-Fulton County Riverport at fault.

>    Do you, the jury, find the Hickman-Fulton County Riverport Authority at fault?
>
>    Yes ____✓____        No _____
>
>    ███████████████
>    FOREPERSON

If you have answered this Instruction "No," you shall return to the courtroom without proceeding to the next instruction.

If you answered this Instruction "Yes," proceed to Instruction No. 3.

5

INSTRUCTION NO. 3

It was the duty of Billy Burkeen in operating his truck to exercise ordinary care in the operation of his vehicle at the time of the occurrence referred to in the evidence. If you believe that Billy Burkeen failed to exercise ordinary care in the operation of his truck at the time of the occurrence and such failure was a substantial factor in causing the accident referred to in the Complaint, you shall find Billy Burkeen at fault.

Do you, the jury, find Billy Burkeen at fault?

Yes __✓__   No_____



FOREPERSON

If you answered both Instruction No. 2 and Instruction No. 3 "Yes," proceed to Instruction No. 4.

If you answered "No" to Instruction No. 3, skip Instruction No. 4 and proceed to Instruction No. 5.

6

INSTRUCTION NO. 4

If you answered both Instruction No. 2 and Instruction No. 3 "Yes," you will now determine and indicate in the following spaces what percentage of total fault was attributable to each party. The total percentages that you assign to these parties must equal 100 percent (100%).

In determining the percentages of fault, you shall consider both the nature of the conduct of each of the parties and the extent of the causal relationship between each party's conduct and the damages claimed.

| | |
|---|---|
| Hickman-Fulton County Riverport Authority | 90 % |
| Billy Burkeen | 10 % |
| Total | 100 % |

INSTRUCTION NO. 5

If you have found the Hickman-Fulton County Riverport Authority at fault under Instruction No. 2, you will determine from the evidence and award a sum or sums of money that will fairly compensate Billy Burkeen for each of the following damages you believe he has or will sustain as a direct result of the incident on May 11, 2007.

If you determine that Billy Burkeen is entitled to recover damages for his injuries, your award shall include compensation for losses attributable or related to his pre-existing condition, but only if and to the extent that such pre-existing condition was aroused or aggravated by the injury in question.

If you apportioned fault, that is if you found both Billy Burkeen and the Hickman-Fulton County Riverport Authority at fault, do not reduce your damage award based on your fault apportionment. You are to award complete damages without taking into account the issue of apportioned fault.

1. Reasonable expenses incurred for medical treatment, hospital treatment, medicines and medical services to date of trial ................................................................. $ 44,000

2. Reasonable expenses for medical treatment, hospital treatment, medicines and medical services he will incur in the future ........................................... $ 33,600

3. Wages or income lost to date of trial .......................... $ 34,600

4. Impairment of his power to labor and earn money ..... $ 19,700

5. Mental and physical pain and suffering which he has endured in the past and which he will endure in the future ........................................... $ 50,000

   TOTAL ................................................................. $ 181,900